MCH\LNM: 2021R00467

```
                                  ____ FILED _____ ENTERED
                                  ____ LOGGED _____ RECEIVED

                                  AUG - 5 2021
                                  AT BALTIMORE
                                  CLERK, U.S. DISTRICT COURT
                                  DISTRICT OF MARYLAND
                              BY                    DEPUTY
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CRIM. NO. GLR 21cr300 |
| v. | (Conspiracy to Distribute Narcotics, 21 U.S.C. § 846, Conspiracy to Commit Money Laundering, 18 U.S.C. § 371; Forfeiture, 21 U.S.C. § 853; 18 U.S.C. § 2461(c)) |
| **GREGORY JONES,** | |
| **Defendant** | |

## CRIMINAL INFORMATION

### COUNT ONE
(Conspiracy to Distribute Narcotics)

The United States Attorney for the District of Maryland charges that:

From in or about January 2017 through February 2019, in the District of Maryland and elsewhere, the Defendant,

**GREGORY JONES,**

did knowingly combine, conspire, confederate, and agree with persons known and unknown, to distribute and possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, § 841(a)(1).

21 U.S.C. § 846

1

## COUNT TWO
### Conspiracy to Commit Money-Laundering

The United States Attorney for the District of Maryland further charges that:

From in or about January 2017 through February 2019, in the District of Maryland and elsewhere, the Defendant,

**GREGORY JONES,**

did knowingly combine, conspire, and agree with other persons known and unknown to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is a conspiracy to distribute narcotics, with the intent to promote the carrying on of that specified unlawful activity, that is a conspiracy to distribute narcotics, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and that the financial transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Sections 1956 and 1957.

### MANNER AND MEANS

1. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

   a. The Defendant and his co-conspirators would obtain narcotics from suppliers.

   b. The Defendant and his co-conspirators would arrange to pay those suppliers through drug proceeds.

  c. The Defendant and his co-conspirators would transfer money, by wire transmission and by other means, to suppliers to pay for drugs.

  d. The Defendants and his co-conspirators would conduct financial transactions, including paying cash to drug suppliers, to further the narcotics conspiracy.

## OVERT ACTS

2. During the course of and in furtherance of the conspiracy, and to effect the object thereof, at least one of the conspirators committed or caused to be committed at least one of the following acts, among others, in the District of Maryland and elsewhere: on the dates set forth below, a member of the conspiracy sent transmissions of money to other members of the conspiracy through the following means on the following dates (among others):

  a. On August 19, 2017, $1000 by Moneygram transmission;

  b. On August 19, 2017, $1,000 by Western Union transmission;

  c. From February 5 through 20, 2018, $6300 by Moneygram transmissions; and

  d. On May 19, 2018, $500 by wire transmission.

21 U.S.C. § 371

## FORFEITURE

1.    Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), in the event of the defendants' convictions under Count One or Count Two of this Information.

2.    Pursuant to 21 U.S.C. § 853(a), upon conviction of any offense(s) in violation of the Controlled Substances Act, as alleged in Count One, the defendant(s) convicted of such offense(s) shall forfeit to the United States of America:

    a.  any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s); and

    b.  any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

## Substitute Assets

3.      Pursuant to Title 21, United States Code, Section 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been comingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of the property charged with forfeiture in the paragraphs above.

21 U.S.C. § 853
18 U.S.C. § 2461(c)

 

                                      *Jonathan F. Lenzner/mch*
                                      Jonathan F. Lenzner
                                      Acting United States Attorney